[Civ. No. 1130.   First Appellate District.—February 5, 1913.]

F. M. THAL, Respondent, v. RADKE & COMPANY (a Corporation), Appellant.

SALES—ACTION FOR PRICE—PLEADING AND PROOF—HARMLESS ERROR.—
  If, in an action to recover a balance due for goods sold and delivered,
  the purchase and receipt of the goods are admitted by the answer,
  errors in the hearing of proofs of the sale and delivery are immaterial and harmless.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   Jas. M. Troutt, Judge.

The facts are stated in the opinion of the court.

Henry C. Schaertzer, and D. Hadsell, for Appellant.

Lucius L. Solomons, for Respondent.

MURPHEY, J., pro tem.—Action for recovery of balance due for goods, wares, and merchandise sold and delivered by plaintiff's assignor to defendant.

Appeal from the judgment on a bill of exceptions.

It will be unnecessary to consider the specifications of errors pointed out by the appellant in the rulings of the trial court, as all the alleged errors have reference to the admissibility of testimony offered to controvert facts admitted by the pleadings.

The purchase and receipt of the goods are admitted by the answer, the defendant contending, however, that the purchase was made upon the representation of the plaintiff's assignor that the goods would have a "ready and easy sale," and that if they did not have a "ready and easy sale" as represented, the plaintiff's assignor would "exchange other goods, wares and merchandise of other sorts for them"; that the goods "did not and have not had a ready and easy sale, and that 85% thereof remains in defendant's possession."

Under the conditions above set out, the court proceeded to hear proofs of the sale and delivery of the goods, and in so

doing committed all of the errors complained of. Manifestly any such errors would be immaterial and harmless.

No complaint is made of errors in admitting evidence relative to the defense above indicated of an agreement for the return and exchange of goods. As to this issue, the court found "that the sales of merchandise were made to the defendant absolutely and unconditionally."

This disposes of all of the objections made by the appellant. The judgment is affirmed.

Lennon, P. J., and Hall, J., concurred.